[Cite as *State v. Meyer*, 2019-Ohio-4234.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                         :        JUDGES:
                                      :
                                      :        Hon. John W. Wise, P.J.
        Plaintiff-Appellee            :        Hon. Patricia A. Delaney, J.
                                      :        Hon. Earle E. Wise, Jr., J.
-vs-                                  :
                                      :        Case No. 18CA113
                                      :
NATHAN MEYER                          :
                                      :
                                      :
        Defendant-Appellant           :        O P I N I O N



CHARACTER OF PROCEEDING:                       Appeal from the Mansfield Municipal
                                               Court, Case No. 2018CRB00129




JUDGMENT:                                      AFFIRMED




DATE OF JUDGMENT ENTRY:                        October 10, 2019




APPEARANCES:

For Plaintiff-Appellee:                        For Defendant-Appellant:

JOSEPH R. REED                                 RANDALL E. FRY
Mansfield Law Department                       10 West Newlon Place
30 North Diamond Street                        Mansfield, OH 44902
Mansfield, OH 44902

*Delaney, J.*

{¶1} Appellant Nathan Meyer appeals from the July 25, 2018 Journal Entry/Sentencing Order of the Mansfield Municipal Court. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose on January 12, 2018, when appellant threatened an emergency-room doctor and hospital staff. Police responded and appellant made erratic statements. The doctor feared for his safety and others because he wasn't sure what appellant might be capable of. Police therefore arrested and transported appellant.

{¶3} Appellant was charged by criminal complaint with one count of menacing, a misdemeanor of the fourth degree pursuant to Mansfield Codified Ordinance No. 537.06(A).[1]

{¶4} Appellant entered a plea of not guilty by reason of insanity and requested that the trial court appoint an examiner to determine his competency to stand trial pursuant to R.C. 2945.37 and to evaluate his mental condition at the time of the offense pursuant to R.C. 2945.39. The trial court granted the motion on April 11, 2018 and referred the matter to the District V—Forensic Diagnostic Center.

---

[1]     Mansfield Codified Ordinance 537.06(A) states in pertinent part: "No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person * * *. In addition to any other basis for the other person's belief that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediately family, the other person's belief may be based on words or conduct of the offender that are directed at or identify a corporation, association or other organization that employs the other person or to which the other person belongs."

{¶5} On May 22, 2018, appellant moved for appointment of an independent psychologist, specifically, Dr. Robert Stinson. The trial court overruled the motion on May 29, 2018.

{¶6} On July 25, 2018, appellant entered a plea of guilty to the amended count of disorderly conduct pursuant to Mansfield Codified Ordinance No. 509.03(A).[2] A jail term of 30 days was suspended on the condition that, e.g., appellant would be interviewed and assessed for mental health court.

{¶7} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶8} "THE TRIAL COURT PREJUDICIALLY ERRED IN FAILING TO NOTIFY THE INDIGENT APPELLANT OF HIS RIGHT TO AN INDEPENDENT SANITY EVALUATION PURSUANT TO O.R.C. 2945.39."

---

[2] Mansfield Codified Ordinance No. 539.03(A) states:

No person shall recklessly cause inconvenience, annoyance or alarm to another by doing any of the following:

(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;

(2) Making unreasonable noise or offensively coarse utterance, gesture or display, or communicating unwarranted and grossly abusive language to any person, which by its very utterance or usage inflicts injury or tends to incite an immediate breach of the peace;

(3) Insulting, taunting or challenging another, under circumstances in which such conduct is likely to provoke a violent response;

(4) Hindering or preventing the movement of persons on a public street, road, highway or right of way, or to, from, within or upon public or private property, so as to interfere with the rights of others, and by any act that serves no lawful and reasonable purpose of the offender;

(5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender.

## ANALYSIS

{¶9}   In his sole assignment of error, appellant argues the trial court was required to notify appellant of his right to an independent sanity evaluation prior to his change of plea.  We disagree.

{¶10} We begin by noting appellant cites R.C. 2945.39(A) and (C) as support for his argument that the trial court must inform appellant of his right to an independent psychological evaluation.   R.C. 2945.39 is the civil commitment statute; the current version of that statute does not contain the language appellant cites.

{¶11} R.C. 2945.371 address evaluation of mental condition and states in pertinent part:

> (A) If the issue of a defendant's competence to stand trial is raised or if a defendant enters a plea of not guilty by reason of insanity, the court may order one or more evaluations of the defendant's present mental condition or, in the case of a plea of not guilty by reason of insanity, of the defendant's mental condition at the time of the offense charged. An examiner shall conduct the evaluation.

> (B) If the court orders more than one evaluation under division (A) of this section, the prosecutor and the defendant may recommend to the court an examiner whom each prefers to perform one of the evaluations. If a defendant enters a plea of not guilty by reason of insanity and if the court does not designate an examiner recommended by the defendant, the court shall inform the defendant

that the defendant may have independent expert evaluation and that,

if the defendant is unable to obtain independent expert evaluation, it

will be obtained for the defendant at public expense if the defendant

is indigent.

\* \* \* \*.

{¶12} Appellant argues that the trial court had a mandatory duty to inform him of a right to an independent psychiatric evaluation, citing *State v. Hix*, 2nd Dist. Montgomery No. 10159, 1987 WL 19208, \*3. That decision, however, was explicitly overruled by the Ohio Supreme Court in *State v. Hix*, 38 Ohio St.3d 129, 527 N.E.2d 784 (1988), in which the Court found that "[a] defendant does not have the right to an independent psychiatric examiner, pursuant to [former] R.C. 2945.39(C), unless the trial court has ordered more than one psychiatric evaluation *and* the trial court has refused to appoint an examiner recommended by the defendant." *Id.,* syllabus.

{¶13} In the instant case, the trial court did not order more than one psychiatric evaluation. Instead, pursuant to its authority via R.C. 2945.37(H), the trial court ordered a single evaluation by the District V—Forensic Diagnostic Center.[3]

{¶14} Appellant has not met the first *Hix* threshold in establishing his right to an independent psychiatric examiner because the trial court ordered a single evaluation. "A defendant does not have the right to an independent psychiatric examiner, pursuant to R.C. 2945.39(C), unless the trial court has ordered more than one psychiatric evaluation

---

[3] R.C. 2945.37(H) states in pertinent part that psychiatric evaluations ordered by municipal court "shall be performed through community resources including, but not limited to, certified forensic centers, court probation departments, and community mental health services providers \* \* \*."

*and* the trial court has refused to appoint an examiner recommended by the defendant." (Emphasis *sic.*) *State v. Asberry*, 64 Ohio App.3d 314, 318, 581 N.E.2d 592, 594 (5th Dist.1989), citing *Hix, supra,* at the syllabus.   We therefore conclude the trial court did not err in failing to inform appellant of his right to an independent examiner because no such right existed.

{¶15} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶16} Appellant's sole assignment of error is overruled and the judgment of the Mansfield Municipal Court is affirmed.

By:  Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.